## Babcock & Wilcox Co. v. Fischbach & Moore, Inc.

*Oran W. Panner,* for plaintiff.

*E. Y. Calvin,* for defendant.

SOHN, P. J., January 15, 1965.—Defendant filed preliminary objections to a complaint and moved "for judgment." Plaintiff filed preliminary objections to defendant's preliminary objections. Plaintiff's pleading is in the nature of a motion to strike off defendant's pleading.

The action is based on an alleged indemnity agreement. Plaintiff, in the complaint, alleges in detail proceedings in court in a prior action which resulted in a final judgment against plaintiff. The action is brought to recover the amount paid by plaintiff on the judgment, with interest, costs and attorney's fees of trial and of an appeal. In the complaint plaintiff avers the following:

"Attached hereto and made a part hereof by reference as if the same were set forth at length is the complete record of all matters pertaining to the said action in trespass filed at No. 218 March Term, 1961, in the Court of Common Pleas of Beaver County, Pennsylvania, where, by reference thereto, the several matters pleaded herein will appear."

This averment presents the problem presently before the court, plaintiff's claim is stated in the complaint. He avers that at the record of the previous

case, the matters pleaded in this action "will appear." Counsel for defendant, in his pleading, contends that all factual and legal issues in the prior claim are thereby before the court at this time.

The extensive record of the prior case is not physically attached. Plaintiff avers that it is attached and made a part by reference. Plaintiff concludes this averment as follows: ". . . where, by reference thereto the several matters pleaded herein will appear." The agreement of indemnity was not an issue in the prior action.

We consider defendant's pleading to be a demurrer. If so, it is a speaking demurrer. Defendant refers to the facts and conclusions in the prior case to support his contentions in this case. Such averments should be made in an answer.

Some items of plaintiff's claim are not of record in the prior proceeding. This case has not reached the stage of required procedure to make it ready for adjudication of defendant's contentions.

Defendant's motion actually is a "motion for judgment." The pleadings are not closed. The motion is premature. A motion for judgment on the pleadings should be made under Rule 1034, after the pleadings are closed.

Plaintiff's preliminary objections to defendant's preliminary objections will be sustained.

## Order

And now, to wit, January 15, 1965, it is ordered, adjudged and decreed that plaintiff's preliminary objections be, and they are hereby sustained, and defendant's preliminary objections are stricken with leave to defendant to file an answer within 20 days from this date.